UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| SHUN'-BREE' PRUITT, ) | CASE NO. 1:13 CV 97 |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| MANSFIELD CORRECTIONAL INSTITUTION, ) | AND ORDER |
| et al., ) | |
| Defendants. ) | |

## INTRODUCTION

On January 15, 2013, Plaintiff *pro se* Shun'-Bree' Pruitt filed this action under 42 U.S.C. § 1983 against the Mansfield Correctional Institution ("MANCI") and MANCI Warden Terry Tibbals. While the Complaint is unclear, Plaintiff appears to allege he was placed in his cell at MANCI while still handcuffed. He further alleges his cellmate then assaulted him, and that it took hours to get the attention of a corrections officer to rescue him. Plaintiff seeks monetary damages and a substantial reduction in his prison sentence.[1]

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365

---

[1] Plaintiff is serving a sentence of life without parole.
See http://www.drc.ohio.gov/OffenderSearch/Details.aspx?id=A604605

(1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell At. Corp. V. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

## LAW AND ANALYSIS

Defendants are clearly named in the pleading because they supervise others who may have been responsible for Plaintiff's injuries. For an individual supervisor or employer to be found liable for the acts of an employee under § 1983, the acts of the employee must have been in accordance with some official policy or custom, or it must be shown the supervisor encouraged the specific misconduct or in some way directly participated in it. *See Monell v. Dept. of Social Services*, 436 U.S. 658, 690-91 (1978); *Hays v. Jefferson County, Ky.*, 668 F.2d 869 (6th Cir.1982); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.1984). The Complaint simply does not contain allegations of

---

[2] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Chase Manhattan Mortg. Corp. v. Smith,* 507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.,* 915 F.2d 260, 261 (6th Cir. 1990); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

a policy or custom or direct involvement of Defendants which might have resulted in a violation of Plaintiff's constitutional rights.

Thus, even construing the Complaint liberally in a light most favorable to the Plaintiff, *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008), it does not set forth facts reasonably suggesting a valid federal claim against these Defendants. *See*, *Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

## CONCLUSION

Accordingly, this action is dismissed under section 1915(e). The dismissal is without prejudice to any valid state law claim Plaintiff may have under the facts alleged. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                              s/ Christopher A. Boyko
                                              CHRISTOPHER A. BOYKO
                                              UNITED STATES DISTRICT JUDGE

DATED: April 2, 2013